United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1694

_____

Joseph A. May,        *
       *
       Appellant,        *
       *
       *    Appeal from the United States
      v.        *    District Court for the
       *    Western District of Missouri.
United States of America,        *
       *    [UNPUBLISHED]
       Appellee.        *

_____

Submitted: February 5, 1998
Filed: February 23, 1998

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Joseph A. May appeals from the district court's[1] adverse grant of summary judgment in his suit against the government for disclosures made to third parties during the course of an investigation of him for possible criminal tax violations. We affirm.

_____

[1]The HONORABLE GARY A. FENNER, United States District Judge for the Western District of Missouri, entered final judgment; the order granting summary judgment and other rulings challenged by May were made by the HONORABLE D. BROOK BARTLETT, Chief Judge, United States District Court for the Western District of Missouri.

May, an endodontist, failed to file tax returns for a number of years. Ultimately, the Internal Revenue Service (IRS) commenced a criminal investigation of May, who did not maintain bank accounts and had refused to allow examination of his books and records. As part of this investigation, Gary A. Marshall and another IRS special agent with the Criminal Investigation Division (CID) sent approximately 2,000 "circular letters" to May's patients between January and July 1991. The opening sentence of the letter stated: "The Internal Revenue Service is conducting an official investigation of the tax liability of Joseph A. May, DDS, Route 1, Box 16, Cleveland, Missouri for the years 1985, 1986, 1987, 1988 and 1989." The letter sought assistance in determining amounts paid to May between 1985 and 1989 for dental services. Appearing below the agent's name in the signature block were the words "Special Agent" and "Criminal Investigation Division."

Marshall prepared the letter in accordance with an IRS manual, which in section 347.2 instructed special agents to include their title and "Criminal Investigation Division" in the signature block. Section 347.2 restricted reference to CID to the signature blocks or ancillary headings, and prohibited disclosure in the body of the letter that the taxpayer was under investigation by CID, suggesting as an example of appropriate wording that the IRS was conducting an investigation of the person in question.

In July 1991 May initiated this lawsuit, alleging violations of 26 U.S.C. § 6103, which prohibits the unlawful disclosure of "return information."[2] See 26 U.S.C.

---

[2]Return information is defined as

(A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other

§ 7431(a) (authorizing damages action against United States based on knowing or negligent disclosure of return information in violation of § 6103).  May maintained that the following circular-letter material violated section 6103:  the CID identifier in the signature block of the letter, the phrase "official investigation," May's home address, and identification of the tax years under investigation.  The court concluded that the disclosures were authorized under 26 U.S.C. § 6103(k)(6) (permitting disclosure of return information when necessary to obtain information "not otherwise reasonably available, with respect to the correct determination of tax") and the statute's derivative regulation, Treas. Reg. 301.6103(k)(6)-1(a) (1997); or did not give rise to liability based on 26 U.S.C. § 7431(b), which provides liability will not arise as to any disclosure resulting "from a good faith, but erroneous, interpretation of section 6103."

We review the district court's judgment de novo, considering the evidence in the light most favorable to May.  See Diamond v. United States, 944 F.2d 431, 433 (8th Cir. 1991).  After such review of the record, we agree with the district court that the government is entitled to section 7431(b)'s good-faith defense against liability for the CID identifier in the signature block of the circular letters.  See id. at 436 (although IRS erroneously interpreted § 1603 when it instructed special agents to include CID identifier in signature block of circular letters, it did so in good faith thus triggering application of § 7431(b)).  Diamond was not issued until after the circular letters were mailed here, and we reject May's suggestion that the trial court's unpublished decision in Diamond v. United States, 1989 U.S. Dist. Lexis 9726 (S. D. Iowa July 24, 1989) (unpublished ruling) put the IRS on notice that the CID identifier violated section 6103.

---

data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine . . . .

26 U.S.C. § 6103(b)(2).

Likewise, we believe the government was entitled to the good-faith defense against liability for disclosing that May was the subject of an "official investigation." Marshall followed wording suggested in section 347.2 of the IRS manual, and we believe this suggested language resulted from a good faith interpretation of section 6103 at that time. Cf. Diamond, 944 F.2d at 434, 435-37 (instruction in § 347.2 concerning CID identifier resulted from good faith misinterpretation of § 6103, given that elsewhere in manual IRS warned against committing unnecessary disclosures and emphasized potential of circular letters to cause unwarranted embarrassment to taxpayer and other damaging collateral consequences). Moreover, we are not persuaded that Marshall's deviation from the suggested wording--use of the word "official" before "investigation"--defeats the good-faith defense.

As to the remaining circular-letter disclosures, we agree with the district court that it was necessary to identify the years for which the IRS was requesting information, and we believe Marshall acted in good faith when he disclosed May's home address. Given the level of secrecy with which May conducted his financial affairs, Marshall could well have concluded that it was necessary to mention May's home address to identify him to all of his patients. See Jones v. United States, 97 F.3d 1121, 1125 (8th Cir. 1996); Diamond, 944 F.2d at 435 (both describing objective standard of good faith).

May also complained below about various disclosures the special agents allegedly made during personal visits with third persons, and about the agents' alleged use of threats and other abusive tactics in obtaining information. Like the district court, we conclude that the alleged threats do not implicate section 6103. We also conclude that the remaining disclosures--including those May maintains the district court failed specifically to address--either do not involve return information, were authorized under section 6103(k)(6) and the related regulation, or resulted from a good faith interpretation of section 6103.

Finally, we disagree with May that the district court abused its discretion in granting summary judgment without permitting him to conduct additional discovery, because we do not believe he sufficiently identified specific facts he needed to discover to resist the motion. <u>See</u> Fed. R. Civ. P. 56(f); <u>Dulany v. Carnahan</u>, No. 96-2427, slip op. at 6 (8th Cir. Dec. 31, 1997).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.